**JENNIFER MOUZIS**
State Bar No. 200280
4825 J Street, Suite 222
Sacramento, California 95819
Telephone: (916) 822-8702
Facsimile: (916) 822-8712

Attorney for Defendant
SAYBYN BORGES

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | 2:18-cr-00136-TLN |
| | ) | |
| Plaintiff, | ) | **STIPULATION AND ORDER REGARDING WAIVER OF PERSONAL APPEARANCE** |
| | ) | |
| v. | ) | |
| | ) | |
| **SAYBYN BORGES,** | ) | |
| | ) | |
| Defendant. | ) | |

**TO: McGREGOR W. SCOTT, UNITED STATES ATTORNEY AND CAMERON L. DESMOND, ASSISTANT UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:**

### **BACKGROUND**

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." Id., Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings

1

required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to . . . [COVID-19]have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 614 establish that plea hearings cannot take safely take place in person.

In order to authorize plea hearings by remote means, however, the CARES Act—as implemented by General Order 614—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 614 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

## **STIPULATION**

SAYBYN BORGES, by and through his attorney Jennifer Mouzis, hereby stipulates and agrees that each of the requirements of the CARES Act and General Order 614 have been satisfied in this case. Defendant requests that the Court enter an order making the specific findings required by the CARES Act and General Order 614. Specifically, for the reasons further set forth below, the parties agree that:

1) The plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California;

2

2) The defendant waives [his/her] physical presence at the hearing and consents to remote hearing by Videoconference.

3) Further delay of the Change of Plea Hearing would thus inflict serious harm to the interests of justice.

Respectfully Submitted,

Dated: 8/3/2020                                  /s/ Jennifer Mousiz
                                                 JENNIFER MOUZIS
                                                 Attorney for Defendant
                                                 SAYBYN BORGES

Mr. Borges, having been advised of his right to appear in person for the Change of Plea Hearing, hereby waives his right to personally appear at the hearing on August 6, 2020, and instead requests to appear via video-teleconference from the United States Marshal's lock-up facility.

Dated: 7/31/2020                                 /s/ Saybyn Borges
                                                 SAYBYN BORGES

I hereby concur in my client's waiver.

Dated: 8/3/2020                                  /s/ Jennifer Mousiz
                                                 JENNIFER MOUZIS
                                                 Attorney for Defendant
                                                 SAYBYN BORGES

//

**ORDER**

Pursuant to the defendant's request for waiver of in-person appearance, and good cause appearing, this Court specifically finds that:

1)  The judgment and sentencing hearing cannot be further delayed without serious harm to the interests of justice;

2)  The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

3)  Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 614, the Change of Plea hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated: August 4, 2020

Troy L. Nunley
United States District Judge