UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAYBYN BORGES,<br><br>　　　　　Defendant. | No.  2:18-cr-00136-DAD<br><br>ORDER GRANTING IN PART DEFENDANT BORGES'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. Nos. 147) |

On September 12, 2024, counsel on behalf of defendant Saybyn Borges filed a motion to reduce the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines.  (Doc. No. 147.)[1]  On October 15, 2024, the government filed its opposition to defendant's motion.  (Doc. No. 150.)  On December 2, 2024, defendant filed a reply.  (Doc. No. 156.)

For the reasons explained below, the court will grant defendant's motion to reduce his sentence in part.

**BACKGROUND**

On August 6, 2020, pursuant to a plea agreement, defendant Borges entered a plea of guilty to Count One of the Indictment, charging him with conspiracy to distribute and possess

---

[1] On August 25, 2022, this case had been reassigned to the undersigned.  (Doc. No. 110.)

1

1  with the intent to distribute 40 grams or more of a mixture or substance containing a detectable
2  amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846,
3  841(a)(1).  (Doc. Nos. 15, 61, 64.)
4        The presentence report ("PSR") prepared in defendant's case calculated his total offense
5  level as 29 and his criminal history category as IV (based on a finding of a criminal history score
6  of 5 due to a prior conviction, plus 2 points for committing the instant offense while under a
7  criminal justice sentence for a total score of 7), resulting in an advisory sentencing guidelines
8  range calling for a term of imprisonment between 121 and 151 months.  (Doc. No. 75 at 9–17,
9  29.)  In the PSR, the probation officer recommended a downward departure based upon an
10 overrepresentation of defendant's criminal history based upon the two status points and a
11 downward variance based upon the circumstances of the offense and the defendant's history and
12 characteristics, ultimately recommending the imposition of an 87-month term of imprisonment.
13 (*Id*. at 29–31.)  The defense agreed with that recommendation and requested that the court follow
14 it.  (Doc. No. 76.)  The government argued that the court should decline to depart or vary and
15 should instead impose a mid-guideline range sentence of 135 months.  (Doc. No. 77.)
16       At the sentencing hearing on February 4, 2021, U.S. District Judge Troy L. Nunley
17 adopted the presentence report's findings as true and correct and determined that the advisory
18 sentencing guideline range called for a term of imprisonment of between 121 and 151 months.
19 Judge Nunley also stated his agreement with probation's conclusion that defendant's criminal
20 history was overstated because of the assessment of the two status points since that term of
21 supervision defendant was serving at the time of this offense was effectively administrative rather
22 than actual supervision.  Accordingly, Judge Nunley departed downward to a criminal history
23 category III, rendering the applicable guideline range 108 to 135 months following the departure.
24 After recognizing both the very serious nature of the offense of conviction (which was mitigated
25 somewhat by defendant's apparent lack of knowledge that the pills distributed contained fentanyl
26 as opposed to oxycodone), the defendant's conduct in fleeing from police at the time of his arrest
27 in a high speed chase during which an officer was injured, and defendant's mitigating history and
28 characteristics, the court ultimately sentenced defendant Borges to a 121-month term of

imprisonment, the mid-range of the applicable guideline range following the court's downward departure.[2]  (Doc. No. 78.)  A 48-month term of supervised release to follow the term of imprisonment was also imposed.  (*Id.*)  The court entered judgment on February 12, 2021.  (Doc. No. 79.)

Defendant Borges contends that he is eligible for a reduction of his sentence based on Part A of Amendment 821 and U.S.S.G § 4A1.1(e).  (Doc. No. 147 at 1.)  That new provision reduced the number of criminal history points for defendants who had received "status points" under U.S.S.G. § 4A1.1 because they had committed their offense while under a criminal justice sentence and allowed for a reduction of their sentence if otherwise eligible for that relief.  He seeks a reduction of his prison sentence to 108 months, the low end of the guideline range.  (*Id.*; Doc. No. 156 at 4.)  Defendant Borges argues that consideration of the factors set forth at 18 U.S.C. § 3553(a) as well as his solid record of rehabilitation since his incarceration, as attested to by others and his prison records, support his request.  (*Id.*)  In opposition, the government contends that although defendant Borges is eligible for relief under § 3582(c)(2), the court should exercise its discretion to deny the requested relief because:  (1) he already received the benefit of Amendment 821 because the sentencing judge specifically departed downward to a criminal history category III due to the overstated criminal history finding based on the two status points; and (2) the nature and circumstances of the offense (distribution of fentanyl that caused an overdose and defendant's high-speed flight from arresting officers resulting in injury) as well as defendant's prison disciplinary record weigh heavily against any reduction in the sentence imposed.  (Doc. No. 150.)  In reply, defendant Borges argues that because there is no transcript of the sentencing hearing the basis of the 121-month sentence, one within the guideline range after the departure, is unclear as is the extent to which he benefitted from the overstated criminal history departure.  (Doc. No. 156 at 2.)  The defendant also refutes the contention that his prison

/////

---

[2] It appears clear that the sentencing judge did not follow probation's recommendation for a downward variance based upon the defendant's history and characteristics and the circumstances of the offense and instead imposed a sentence within the guideline range as it stood following the downward departure eliminating the two criminal history status points.

disciplinary record should be viewed as outweighing his significant efforts to rehabilitate himself since his imprisonment.  (*Id.* at 3–4.)

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.").  "But this general rule is subject to several exceptions[.]"  *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2).  *United States v. Brito*, 868 F.3d 875, 879–80 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826).  "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10."  *Id.* at 880 (citing *Dillon*, 560 U.S. at 827).  "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'"  *Id.* (quoting *Dillon*, 560 U.S. at 827).  The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'"  *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

It is undisputed that defendant Borges qualifies for a reduction of his sentence in this case.  The question here is whether, balancing the relevant considerations, such a reduction is warranted

and appropriate. Turning then to the discretionary prong, the offense of conviction was obviously a very serious one. Despite defendant's express concerns, the undersigned has inquired into and reviewed the original sentencing and is now confident that defendant Borges did receive the full benefit of Amendment 821 at the time of his original sentencing as is evidenced by the sentencing judge's downward departure to a guideline range of 108 to 135 months based upon the finding of an overstated criminal history. At that time, the sentencing judge simply determined that a 121-month sentence was reasonable. Nonetheless, the defense has come forward with information that does suggest that defendant Borges has expended considerable effort and made significant strides toward his rehabilitation over the approximately seven years of his incarceration and, in particular, in the time following his sentencing in February of 2021. (*See* Doc. No. 147, Exs. 1–5.) In its analysis under the discretionary prong the court may consider such information. *Brito*, 868 F.3d at 880 (holding that the court must consider any applicable § 3553(a) factors in determining whether, in its discretion, the authorized reduction in sentence is warranted in whole or in part under the circumstances of the case); *see also United States v. Griffith*, No. 1:22-cr-00057-MR-WCM, 2024 WL 561117, at *2 (W.D.N.C. Feb. 12, 2024) (considering the § 3553(a) factors and determining that the defendant's post-sentencing conduct, including prison disciplinary record and rehabilitation efforts, supported a reduced sentence authorized by Amendment 821). Finally, the court does not find that defendant Borges's prison disciplinary history, especially in light of the explanation provided by the defense for some aspects of that history, detracts from the weight of his rehabilitation efforts.

Balancing the relevant factors discussed above, the court will grant the defendant's motion in part and reduce his sentence to a 114-month term of imprisonment.

## CONCLUSION

For the reasons explained above, the court grants defendant Borges's motion for a reduction of his sentence pursuant to § 3582(c)(2) (Doc. Nos. 147) in part and reduces the term of imprisonment imposed in this case from 121 to 114 months, followed by a 48-month term of supervised release, with all the same terms and conditions as originally imposed to remain in

/////

effect.  An amended judgment will be issued.  The Clerk of the Court is directed to close this case once again.

    IT IS SO ORDERED.

Dated:  __**May 8, 2025**__

                    DALE A. DROZD
                  UNITED STATES DISTRICT JUDGE